Filed 4/23/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT WAYNE CUNNINGHAM,<br><br>    Defendant and Appellant. | 2d Crim. No. B323640<br>(Super. Ct. No. CR37135)<br>(Ventura County) |

Robert Wayne Cunningham was convicted of provocative act murder as a result of a 1995 shootout with the police. He was also convicted of other offenses connected with the shootout. He was sentenced to state prison for life without the possibility of parole. Consecutive determinate sentences were also imposed.

He unsuccessfully sought sentencing relief pursuant to Penal Code section 1172.6. He appeals contending that provocative murder is based upon the imputation of malice and any such imputation is now barred by newly enacted Penal Code section 188, subdivision (a)(3). We disagree and affirm. We cannot add the phrase "provocative act murder" to the statute. This species of murder liability has been the law in California

since the 1960s (see, e.g., *People v. Gilbert* (1965) 63 Cal.2d 690, 704-705).   Surely the Legislature was aware of this murder theory when it made two changes to the statutory murder definitions.  It's failure to mention "provocative murder" is significant and leads to only one logical conclusion:  the Legislature did not intend to jettison this theory.

Only a brief recitation of the facts is necessary to bring this appeal into focus.  Appellant and his cohort, Soley, were suspected of committing a series of armed robberies.  The police had them under surveillance.  They followed appellant and Soley to a liquor store.  When appellant and Soley committed the robbery of this liquor store, they were unable to leave because the police blocked their car's movement.  Appellant arose through the open roof of the car and started shooting at the police.  They returned gun fire killing Soley and wounding appellant.  At least one police officer was wounded in the gun battle.

The jury was only instructed on the elements of "provocative murder," but the prosecutor did argue that appellant started "the ball rolling" and started "a snowball down the hill" when he initiated the gun battle.  Appellant now contends that this argument is tantamount to arguing the now discarded "natural and probable consequences" doctrine and that relief should be granted.  The statute does not preclude the prosecutor's argument.  It is the instructions given that inform the jury's verdict.

We recently held that the "provocative murder doctrine" survived the recent legislative enactments in *People v. Antonelli* (2023) 93 Cal.App.5th 712, review granted Oct. 18, 2023, S281599.  Our holding was, and is, compelled by California Supreme Court precedent.  (*People v. Gonzales* (2012) 54 Cal.4th

643, 654.)  The Supreme Court has granted review in *Antonelli,
supra,* and, so, it should grant review here.

*Disposition*

The judgment (order denying sentencing relief) is affirmed.
CERTIFIED FOR PUBLICATION.


YEGAN, J.

I concur:


GILBERT, P. J.

3

CODY, J. CONCURRING:

I agree appellant is ineligible for Penal Code section 1172.6 relief. However, I reach that conclusion because appellant's jury instructions entail a finding he personally acted with implied malice.

The trial court instructed on provocative act murder with a version of CALJIC No. 8.12. That instruction required the jury to determine whether *appellant*—not any accomplice—committed an "intentional provocative act" during the commission of robbery. Given the instruction's definition of an "intentional provocative act," the jury must have found that appellant "deliberately performed [the act] with knowledge of the danger to, and with conscious disregard for human life." Accordingly, the jury determined appellant himself acted with implied malice. (See *People v. Gonzalez* (2012) 54 Cal.4th 643, 655 ["Malice will be implied if the defendant commits a provocative act knowing that this conduct endangers human life and acts with conscious disregard of the danger"].) Malice was not imputed based solely on appellant's participation in a crime. (See Pen. Code, § 1172.6, subd. (a).)

I base my conclusion on the jury's specific mens rea finding in lieu of relying, as the majority does, on the broader rationale expressed in *People v. Antonelli* (2023) 93 Cal.App.5th 712, review granted October 18, 2023, S281599. (Maj. opn. ante, at pp. 2-3.) Whether or not all provocative act murderers are ineligible under Penal Code section 1172.6, the jury finding in appellant's case precludes relief under that section.

CERTIFIED FOR PUBLICATION.

CODY, J.

1

David R. Worley, Judge

Superior Court County of Ventura

_____

Susan Wolk, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.